## The CHARIHO SCHOOL COMMITTEE

v.

## James G. BROADWELL.

### No. 96–179–Appeal.

Supreme Court of Rhode Island.

Oct. 23, 1997.

John Earle, Warwick.

William J. Gallogly, Westerly, Robert J. Healey, Jr., Warren.

### ORDER

This case came before the court for oral argument October 14, 1997, pursuant to an order that had directed the petitioner, Norman M. Brunelle, to appear before this court in order to show cause why the issues raised by his appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The petitioner has appealed from an order of the Superior Court denying his motion to vacate an earlier order which had denied his petition to intervene in a mandamus action filed by the Chariho Regional School District against the Hopkinton Town Treasurer. The trial justice had earlier denied petitioner's motion to intervene for lack of standing. The petitioner had challenged this ruling on the ground that his attorney was not present at the time the motion was considered. His attorney had been court excused. In passing upon the initial motion to intervene, the trial justice did not have the benefit of a pleading setting forth the claim or defense upon which intervention was sought pursuant to Rule 24(c) of the Superior Court Rules of Civil Procedure. The motion to intervene was filed in accordance with Rule 24(b) which allows a justice of the Superior Court to permit intervention in his or her discretion and also to take into account whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In filing a motion to intervene in a pending mandamus petition, counsel for the petitioner who could not be present on March 4, 1996, could not as of right require the mandamus action to be postponed until he could attend the court proceeding.

When counsel did appear on March 18, 1996, the trial justice determined that she would not vacate the denial of the motion to

intervene. In reviewing the circumstances at the time of the filing of the motion, she decided that the proposed intervenors had no standing to intervene in this proceeding and had no personal stake in the matter beyond that held by all of the people of the Town of Hopkinton. She found no reason to change this ruling. In our opinion, the trial justice did not abuse her discretion in so ruling. The presence or absence of counsel for the proposed intervenors did not affect the justice's ruling.

Consequently, the appeal of Norman M. Brunelle from the denial of his motion to intervene is denied and dismissed.